IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN A. STEWART, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>AT&T INC, et al.,<br><br>    Defendants. | No. C 06-7363 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE TO WESTERN DISTRICT OF TEXAS** |

Defendants' motion to transfer venue is scheduled for a hearing on April 6, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion and TRANSFERS this action to the United States District Court for the Western District of Texas.

**BACKGROUND**

On November 30, 2006, plaintiff Kathleen Stewart filed this action on behalf of herself and a putative nationwide class against AT&T and AT&T Pension Benefit Plan-NonBargained Program.[1] Plaintiff alleges that defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, by amending the AT&T pension plan in such a way that reduced pension benefits. Complaint ¶ 9. Plaintiff alleges three ERISA claims on behalf of the

---

[1] The complaint states that AT&T was formerly known as SBC Communications Inc., and that AT&T Pension Benefit Plan-NonBargained Program was formerly known as SBC Pension Benefit Plan and SBC Pension Benefit Plan-NonBargained Program.

class, and one ERISA claim solely on her own behalf.

Plaintiff Stewart resides in Ohio, and throughout her employment with AT&T – which continues as of today – plaintiff worked in AT&T's Brecksville, Ohio office. *See* Holland Decl. ¶ 4. AT&T is a Delaware corporation with its principal place of business in San Antonio, Texas. *Id.* ¶ 5; *see also* Supp. Holland Decl. ¶ 3, Ex. B.[2] AT&T is the Plan's administrator, sponsor, and named fiduciary. Holland Decl. ¶ 5. The Plan is headquartered in San Antonio, Texas. *Id.*

Christine Holland, AT&T's Associate Director, Benefit Litigation & ERISA Compliance states,

> With one minor exception, nearly all fiduciary functions related to the administration of benefits payable by the Plan are performed by company employees located in San Antonio, and the records related to such fiduciary decisions are maintained in San Antonio. The one exception: The Benefit Plan Committee, which decides all appeals for pension benefits, includes Committee members located outside of San Antonio, who participate in Committee meetings by telephone. Only one of these members works in California. The Committee itself, the Chairperson of the Committee, and the Secretary of the Committee are all located in San Antonio. All official Benefit Plan Committee records are located and maintained in San Antonio.

*Id.* ¶ 7.

Holland states that amendments to the Plan are made by the Board of Directors, Board Committees, or by officers or other employees to whom the Board has delegated amendment authority. *Id.* ¶ 8. Holland also states that the AT&T employees responsible for analyzing proposed plan amendments and for making recommendations to those with amendment authority are all located in San Antonio, and all records with respect to such amendments are maintained in San Antonio. *Id.* ¶ 9. The amendments at issue in this case were signed by Karen Jennings, Senior Executive Vice-President, Advertising and Corporate Communications, whose office is located in San Antonio, Texas. *Id.* ¶ 10. Holland also states that "[t]here are no persons or committees responsible for design, administration or amendment of the Plan located at 101, Spear Street, San Francisco, CA 94105 . . . ." *Id.* ¶ 16.

## LEGAL STANDARD

---

[2] Plaintiff incorrectly states that AT&T's corporate headquarters are in San Francisco, California. Inexplicably, plaintiff cites the website of an architectural firm as the source for this information; that website is not a proper source of information regarding the location of AT&T's corporate headquarters, and even if it was, the website does not contain any such information. *See* Plaintiff's Ex. 55 (citing www.gwa-arch.com/projects/default.asp)

2

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 850 F. Supp. 503, 506 (C.D. Cal. 1992). Transfer is discretionary, but is governed by certain factors specified in § 1404(a) and in relevant case law.

**DISCUSSION**

As an initial matter, the Court finds that venue would be proper in either this district or the Western District of Texas. ERISA provides that venue is proper in "the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). There is no dispute that defendant resides or may be found in both districts, and that the Plan is administered in Texas.

Once venue is determined to be proper in both districts, courts evaluate the following factors to determine which venue is more convenient to the parties and the witnesses: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

The Court finds that on balance, these factors favor transfer. Where a plaintiff does not reside in the forum, the Court may afford his choice considerably less weight. *See* Schwarzer et al., Federal

3

Civil Procedure Before Trial § 4:760 (2006). Here, plaintiff Stewart is a resident of Ohio, and she does not appear to have any connection to this district. In addition, "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Furthermore, the Ninth Circuit has established that courts should disregard a plaintiff's forum choice where the suit is a result of forum-shopping. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). Here, plaintiff states that she chose this district because of favorable Ninth Circuit case law.

The Court further finds that Texas is more convenient for the parties and witnesses, and provides greater ease of access to evidence. To the extent plaintiff suggests that the Court should consider the location of counsel in this analysis, plaintiff is incorrect because Section 1404(a) refers to "parties" and not counsel. *See* 28 U.S.C. § 1404(a); *see also In re. Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue."); *Solomon v. Continental American*, 472 F.2d 1043, 1047 (3d Cir. 1974) ("The convenience of counsel is not a factor to be considered.").

Plaintiff contends that the two districts are equally convenient because plaintiff's claims present "purely legal issues," and because the Court's review is limited to the administrative record. However, defendant asserts that there is no "administrative record" in this case because Stewart never filed a formal claim for benefits, and thus the parties will be required to conduct discovery of witnesses and documents located in Texas.[3] Defendants further note that even if plaintiff's inquiries regarding her benefit plan could constitute the "administrative record," plaintiff has not stipulated that an abuse of discretion standard would apply; if the Court's review is *de novo*, the Court would consider evidence and testimony outside the administrative record. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d

---

[3] The complaint alleges that Stewart exhausted her administrative remedies by faxing a letter on November 4, 2002 to SBC's Pension Service Center "requesting an explanation of the 'foundation' (i.e., Plan provision) authorizing the offset methodology and complaining that it was actuarially unsound." Complaint ¶ 43; *see also id.* ¶ 116 (regarding "Administrative Exhaustion"). The complaint also alleges that a December 18, 2002 response from the Pension Service Center was the "Initial Decision," *id.* ¶ 117; that Stewart's December 20, 2002 letter to SBC Vice President Rick Felts constituted an "Appeal," *id.* ¶ 118; and that a June 24, 2004 e-mail from Susan Sroka, who was then SBC's Associate Director for Human Resources, constituted the "Final Decision." *Id.* ¶ 119. Defendants state that they anticipate filing a motion to dismiss and/or stay this action for failure to exhaust administrative remedies.

955, 969-70 (9th Cir. 2006).

For purposes of resolving the instant motion, the Court need not decide whether plaintiff filed a formal claim for benefits under ERISA, or what standard of review should govern this case. However, the Court observes that based upon the record before it, it appears that there is a reasonable likelihood that testimony and documentary evidence regarding the Plan amendment may be required. Defendants have submitted evidence that the Plan is designed, amended and otherwise administered from AT&T's headquarters in San Antonio, and that most of the employees responsible for the Plan's fiduciary functions and Plan amendments work and reside in Texas. Plaintiff asserts that because she and six other "endorsers" (individuals identified by plaintiff as also negatively affected by the Plan amendment) live in Ohio, and other percipient witnesses live in Illinois and New Jersey, that both districts are equally convenient. However, even if that is the case, plaintiff does not dispute that virtually all of the individuals responsible for the Plan's fiduciary functions and Plan amendments work and reside in Texas.[4]

The remaining factors are largely neutral in the transfer analysis. Where federal law governs all claims raised, as here, "either forum is equally capable of hearing and deciding those questions." *DealTime.com Ltd. v. McNulty*, 123 F. Supp. 2d. 750, 757 (S.D.N.Y. 2000). Plaintiff cites the fact that the time from filing to *disposition* is quicker in this district than in the Western District of Texas, while defendants emphasize that the time from filing to *trial* is significantly shorter in Texas; at the outset of the litigation, the Court is unable to predict which statistic is more relevant. Finally, Texas arguably has a greater interest in the controversy due to defendants' residence there and the fact that the Plan is administered there.

---

[4] Plaintiff identifies two SBC employees, Tom Sweeney and Christopher Smith, who work in California and who, according to plaintiff, are percipient witnesses. Defendant asserts that Sweeney "has absolutely no involvement with Plan administration," and that Smith, "in order to fulfill his duties as a member of the Benefit Plan Committee, participates in Committee meetings (which take place in San Antonio) by telephone." Reply at 8:14-17. The Court finds that even if Sweeney and Smith are percipient witnesses, transfer is still required because Texas is more convenient for a greater number of witnesses.

5

**CONCLUSION**

For the foregoing reasons and good cause shown, the Court hereby GRANTS defendants' motion to transfer venue, and TRANSFERS this action to the United States District Court for the Western District of Texas. (Docket Nos. 14 & 18).

**IT IS SO ORDERED.**

Dated: April 3, 2007

SUSAN ILLSTON
United States District Judge